59 F.3d 170
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Monroe E. DAVIS, Plaintiff-Appellant,
v.
Edward FRANKLIN; Anthony Lime, Defendants-Appellees.
 No. 93-5764.
 United States Court of Appeals, Sixth Circuit.
 June 19, 1995.
 
 1
 Before: KEITH and SUHRHEINRICH, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 Monroe E. Davis, a pro se Tennessee prisoner, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 Seeking injunctive and monetary relief, Davis sued two correctional officers in their individual and official capacities. Davis essentially alleged that on October 18, 1990, defendant Edward Franklin slapped him in the face for filing too many grievances. As a result of the assault, Davis completed an emergency grievance form which he gave to defendant Anthony Lime. Davis contends that Lime did not file the grievance with the proper prison authorities.
 
 
 4
 The case was tried before a jury on May 19, 1993. Following the close of defendants' evidence, the district court granted defendants' motion for judgment as a matter of law finding that Davis had not met his burden of proof.
 
 
 5
 In his timely appeal, Davis contends that the district court erred in granting defendants' motion for judgment as a matter of law. He asserts that he presented sufficient evidence to submit the case to the jury. Franklin and Lime have moved to dismiss the appeal because no transcript of the trial was filed making it impossible for this court to render a decision.
 
 
 6
 Initially, we note that a trial transcript was filed with this court on November 5, 1993. Therefore, we deny appellees' motion to dismiss the appeal.
 
 
 7
 This court conducts a de novo review of the district court's decision. Tuck v. HCA Health Servs., Inc., 7 F.3d 465, 469 (6th Cir. 1993). In reviewing a motion for judgment as a matter of law, the court does not weigh the evidence or evaluate the credibility of witnesses. Rather, the court must review the evidence in a light most favorable to the party against whom the motion is made, and give that party the benefit of all reasonable inferences. Id. The motion should be granted whenever there is a complete absence of pleadings or proof on an issue material to the cause of action or when no disputed issues of fact exist such that reasonable minds would not differ. Id.
 
 
 8
 Upon de novo review, we conclude that the district court erred in granting Franklin's motion for judgment as a matter of law. A review of the evidence establishes that there is a disputed fact as to whether Franklin assaulted Davis. In viewing the evidence in the light most favorable to Davis and giving him the benefit of all reasonable inferences, Davis supplied sufficient evidence to overcome Franklin's motion. Thus, it was error to grant Franklin's motion. In reversing this aspect of the district court's judgment, however, we express no opinion on whether the use of force alleged here rises to the level of a constitutional violation.
 
 
 9
 Although the district court erred in granting Franklin's motion, the district court properly granted Lime's motion for judgment as a matter of law. The undisputed evidence shows that Lime properly placed Davis's grievance in the prison grievance box. Had Lime complied with Davis's request in submitting the grievance to the shift captain, Lime would have violated prison regulations and would have been subjected to disciplinary proceedings.
 
 
 10
 Accordingly, we affirm the district court's judgment as to defendant Lime. However, we vacate the district court's judgment as to defendant Franklin and remand the case to the district court for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation